John Steiner, Esq. (SBN 310798)
Steiner Injury Law
1600 Sacramento Inn Way, Suite 214
Sacramento, CA 95815
Email: js@steinerinjurylaw.com
Tel: (916) 883-1529
Fax: (888) 745-0945
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT FOR

# THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA STEINER, an Individual;<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE UNITED STATES OF AMERICA;<br>UNITED STATES POSTAL SERVICE, an<br>Independent Agency of the United States of<br>America Federal Government;<br>ANITA CHRISTINA TATUM, an Individual;<br>and DOES 1 through 100, Inclusive;<br><br>                    Defendants. | Case No: 2:20-at-779<br><br><br>**CIVIL CASE COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, for her cause of actions against Defendants, alleges that:

<u>THE PARTIES</u>

1.      At all relevant times, Plaintiff, TARA STEINER, was an adult resident of Sacramento County, California.

2.      At all relevant times, Defendant, the UNITED STATES OF AMERICA, was the employer of the Defendant, ANITA CHRISTINA TATUM, and the registered owner of the USPS truck driven by ANITA CHRISTINA TATUM at the time of the accident.

3.     At all relevant times, Defendant, UNITED STATES POSTAL SERVICE, was an Independent Agency of the United States of America Federal Government, and was the employer of the Defendant, ANITA CHRISTINA TATUM, and the registered owner of the USPS truck driven by ANITA CHRISTINA TATUM at the time of the accident.

4.     At all relevant times, Defendant, ANITA CHRISTINA TATUM, was an employee of the UNITED STATES OF AMERICA and the UNITED STATES POSTAL SERVICE and an adult resident of Yolo County, California.

5.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained.

## JURISDICTION

6.     This is an action arising under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C.A. § 1346(b)(1).

## DEMAND FOR A JURY TRIAL

7.     Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## FACTS

8.     On and prior to August 20, 2018, Leisure Lane and Royal Oak Drive were public roadways in the City of Sacramento, County of Sacramento, State of California.

9.     On or about August 20, 2018, at about 5:30 p.m., Plaintiff, TARA STEINER, was a passenger in a 2008 BMW, owned and operated by JOHN STEINER.

10.    On or about August 20, 2018, at about 5:30 p.m., JOHN STEINER was the owner and operator of a 2008 BMW, he was exiting the 160 Highway at the Royal Oaks Drive off ramp,

and was traveling toward the intersection of Royal Oaks Drive and Leisure Lane, in the City of Sacramento, County of Sacramento, State of California.

11.     On or about August 20, 2018, one or more of the named Defendants, were the owners, operators and/or lessees of the USPS truck, which was being driven by the Defendant, ANITA CHRISTINA TATUM.

12.     On or about August 20, 2018, Defendant, ANITA CHRISTINA TATUM, was traveling westbound on Leisure Lane, with a stop sign at or near its intersection with Royal Oaks Drive, in the City of Sacramento, County of Sacramento, State of California.

13.     On or about August 20, 2018, Defendant, ANITA CHRISTINA TATUM, owed Plaintiff and others on the roads a duty to operate her motor vehicle safely and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the roadway, including Plaintiff, TARA STEINER.

14.     At the aforesaid time and place, Defendant, ANITA CHRISTINA TATUM, failed to stop at the stop sign placed at Leisure Lane, at or near the intersection of Leisure Lane and Royal Oaks Drive, drove her motor vehicle into, and collided into the front passenger side wheel of the motor vehicle driven by JOHN STEINER (in which Plaintiff, TARA STEINER, was a passenger).

## COUNT I - NEGLIGENCE
### (TARA STEINER v. TATUM)

15.     Plaintiff adopts and incorporates paragraphs 1-14 of this Complaint as if fully set forth under this Count and further alleges that:

16.     At the aforesaid time there was in full force and effect the following California Vehicle Code, CVC 21802 (a):

"...CVC 21802 (a) The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as required by Section 22450. The driver shall

then yield the right-of-way to any vehicles which have approached from another highway, or which are approaching so closely as to constitute an immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she can proceed with reasonable safety."

17.     At the aforesaid time there was in full force and effect the following California Vehicle Code, CVC 22350:

"...CVC 22350 No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

18.     In breach of her duty of care, the Defendant, ANITA CHRISTINA TATUM, was guilty of one or more of the following negligent acts and/or omissions and/or statutory violations:

(a) Carelessly and negligently operated, maintained and controlled her motor vehicle without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

(b) Carelessly and negligently operated, maintained and controlled her motor vehicle without obeying proper traffic signs and devices;

(c) Violated California Vehicle Code, CVC 21802(a), Failure to Yield Right-of-Way (negligence per se);

(d) Carelessly and negligently failed to operate her automobile at a reasonable and safe speed to prevent injury; accidents and/or collisions;

(e) Violated California Vehicle Code, CVC 22350, Unsafe Speed (negligence per se);

(f) Carelessly and negligently failed to keep her automobile under control at all times;

(g) Carelessly and negligently failed to slow or stop her automobile to avoid hitting and colliding into JOHN STEINR's motor vehicle (in which Plaintiff, TARA STEINER, was a passenger); and

(h) Was otherwise careless and negligent.

19.    As a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, ANITA CHRISTINA TATUM, the Plaintiff, TARA STEINER, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; sustained property damages; and was deprived of earnings to which she might have otherwise been entitled.

20.    WHEREFORE, the Plaintiff, TARA STEINER, prays for judgment against the Defendant, ANITA CHRISTINA TATUM in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, attorney fees, and any further relief which this Honorable Court finds fair and just.


## COUNT II – NEGLIGENCE SUPERVISION

### (TARA STEINER v. THE UNITED STATES OF AMERICA)

21.    Plaintiff adopts and incorporates paragraphs 1-14 of this Complaint as if fully set forth under this Count and further alleges that:

22.    At all times relevant herein, the Defendant, ANITA CHRISTINA TATUM, was operating her vehicle with the consent of, and as the authorized, actual, or apparent agent, and/or employee of the Defendant, the UNITED STATES OF AMERICA.

23.    At all times relevant herein, the Defendant, the UNITED STATES OF AMERICA, by and through its authorized, actual, or apparent agent, had a duty to exercise a reasonable degree of care and caution in the operation, management and control of said motor vehicle in such a manner as not to carelessly and negligently cause injury to persons or property rightfully and lawfully upon the public way.

24.     At the aforesaid time there was in full force and effect the following California Vehicle Code, CVC 21802 (a):

"...CVC 21802 (a) The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as required by Section 22450. The driver shall then yield the right-of-way to any vehicles which have approached from another highway, or which are approaching so closely as to constitute an immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she can proceed with reasonable safety."25.

25.     At the aforesaid time there was in full force and effect the following California Vehicle Code, CVC 22350:

"...CVC 22350 No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

26.     In breach of her duty of care, the Defendant, ANITA CHRISTINA TATUM, was guilty of one or more of the following negligent acts and/or omissions and/or statutory violations:

(a) Carelessly and negligently operated, maintained and controlled her motor vehicle without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

(b) Carelessly and negligently operated, maintained and controlled her motor vehicle without obeying proper traffic signs and devices;

(c) Violated California Vehicle Code, CVC 21802(a), Failure to Yield Right-of-Way (negligence per se);

(d) Carelessly and negligently failed to operate her automobile at a reasonable and safe speed to prevent injury; accidents and/or collisions;

(e) Violated California Vehicle Code, CVC 22350, Unsafe Speed (negligence per se);

(f) Carelessly and negligently failed to keep her automobile under control at all times;

(g) Carelessly and negligently failed to slow or stop her automobile to avoid hitting and colliding into JOHN STEINR's motor vehicle (in which Plaintiff, TARA STEINER, was a passenger); and

(h) Was otherwise careless and negligent.

27.     As a direct and proximate result of the foregoing negligent acts or omissions of the Defendant, ANITA CHRISTINA TATUM, the Plaintiff, TARA STEINER, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; sustained property damages; and was deprived of earnings to which she might have otherwise been entitled.

28.     WHEREFORE, the Plaintiff, TARA STEINER, prays for judgment against the Defendant, the UNITED STATES OF AMERICA, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, attorney fees, and any further relief which this Honorable Court finds fair and just.

## COUNT III – NEGLIGENCE SUPERVISION

### (TARA STEINER v. UNITED STATES POSTAL SERVICE)

29.     Plaintiff adopts and incorporates paragraphs 1-14 of this Complaint as if fully set forth under this Count and further alleges that:

30.     At all times relevant herein, the Defendant, ANITA CHRISTINA TATUM, was operating her vehicle with the consent of, and as the authorized, actual, or apparent agent, and/or employee of the Defendant, UNITED STATES POSTAL SERVICE.

31.     At all times relevant herein, the Defendant, UNITED STATES POSTAL SERVICE, by and through its authorized, actual, or apparent agent, had a duty to exercise a reasonable degree of care and caution in the operation, management and control of said motor vehicle in such a manner as not to carelessly and negligently cause injury to persons or property rightfully and lawfully upon the public way.

32.     At the aforesaid time there was in full force and effect the following California Vehicle Code, CVC 21802 (a):

> "...CVC 21802 (a) The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as required by Section 22450. The driver shall then yield the right-of-way to any vehicles which have approached from another highway, or which are approaching so closely as to constitute an immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she can proceed with reasonable safety."25.

33.     At the aforesaid time there was in full force and effect the following California Vehicle Code, CVC 22350:

> "...CVC 22350 No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

34.     In breach of her duty of care, the Defendant, ANITA CHRISTINA TATUM, was guilty of one or more of the following negligent acts and/or omissions and/or statutory violations:

(i) Carelessly and negligently operated, maintained and controlled her motor vehicle without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

(j) Carelessly and negligently operated, maintained and controlled her motor vehicle without obeying proper traffic signs and devices;

(k) Violated California Vehicle Code, CVC 21802(a), Failure to Yield Right-of-Way (negligence per se);

(l) Carelessly and negligently failed to operate her automobile at a reasonable and safe speed to prevent injury; accidents and/or collisions;

(m) Violated California Vehicle Code, CVC 22350, Unsafe Speed (negligence per se);

(n) Carelessly and negligently failed to keep her automobile under control at all times;

(o) Carelessly and negligently failed to slow or stop her automobile to avoid hitting and colliding into JOHN STEINR's motor vehicle (in which Plaintiff, TARA STEINER, was a passenger); and

(p) Was otherwise careless and negligent.

35.    As a direct and proximate result of the foregoing negligent acts or omissions of the Defendant, ANITA CHRISTINA TATUM, the Plaintiff, TARA STEINER, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; sustained property damages; and was deprived of earnings to which she might have otherwise been entitled.

36.    WHEREFORE, the Plaintiff, TARA STEINER, prays for judgment against the Defendant, UNITED STATES POSTAL SERVICE, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, attorney fees, and any further relief which this Honorable Court finds fair and just.

COUNT IV - VICARIOUS LIABILITY

(TARA STEINER v. THE UNITED STATES OF AMERICA)

37.     Plaintiff adopts and incorporates paragraphs 1-19 of this Complaint as if fully set forth under this Count and further alleges that:

38.     At all times material, ANITA CHRISTINA TATUM was employed by the Defendant, the UNITED STATES OF AMERICA. ANITA CHRISTINA TATUM was under the UNITED STATES OF AMERICA's direct supervision and control when she committed the wrongful acts described herein. ANITA CHRISTINA TATUM engaged in these conducts while in the course and scope of her employment with the Defendant the UNITED STATES OF AMERICA. Defendant, the UNITED STATES OF AMERICA, is liable for the wrongful conducts of Defendant, ANITA CHRISTINA TATUM, under the law of vicarious liability, including the doctrine of respondeat superior.

39.     WHEREFORE, the Plaintiff, TARA STEINER, prays for judgment against the Defendant, the UNITED STATES OF AMERICA, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses, and damages as herein above alleged, costs of suit, attorney fees, and any further relief which this Honorable Court finds fair and just.

COUNT V - VICARIOUS LIABILITY

(TARA STEINER v. UNITED STATES POSTAL SERVICE)

40.     Plaintiff adopts and incorporates paragraphs 1-19 of this Complaint as if fully set forth under this Count and further alleges that:

41.     At all times material, ANITA CHRISTINA TATUM was employed by the Defendant, UNITED STATES POSTAL SERVICE. ANITA CHRISTINA TATUM was under the UNITED STATES POSTAL SERVICE's direct supervision and control when she committed the wrongful acts described herein. ANITA CHRISTINA TATUM engaged in these conducts

while in the course and scope of her employment with the Defendant UNITED STATES POSTAL SERVICE. Defendant, UNITED STATES POSTAL SERVICE, is liable for the wrongful conducts of Defendant, ANITA CHRISTINA TATUM, under the law of vicarious liability, including the doctrine of respondeat superior.

42.    WHEREFORE, the Plaintiff, TARA STEINER, prays for judgment against the Defendant, UNITED STATES POSTAL SERVICE, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for injuries, losses, and damages as herein above alleged, costs of suit, attorney fees, and any further relief which this Honorable Court finds fair and just.

Dated this 7th day of August, 2020                    Steiner Injury Law

John Steiner, Esq. (SBN 310798)
Steiner Injury Law
1600 Sacramento Inn Way, Suite 214
Sacramento, CA  95815
Email: js@steinerinjurylaw.com
Tel: (916) 883-1529
Fax: (888) 745-0945
Attorney for Plaintiff